Monica O'CONNOR, et al., Petitioners,

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 90–600V.

United States Claims Court.

Oct. 29, 1991.

Robert T. Moxley, Cheyenne, Wy., for petitioners.

Laura S. Radack, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Gerson, for respondent.

## OPINION

MARGOLIS, Judge.

This vaccine case comes before the court on a motion to review filed by petitioners, Monica O'Connor, et al., on August 30, 1991, pursuant to Appendix J, RUSCC. Petitioners brought an action to recover compensation under the National Childhood Vaccine Injury Act of 1986, *as amended,* at 42 U.S.C.A. §§ 300aa–10 *et seq.* (West Supp.1991), alleging that injuries sustained by their son, Daniel O'Connor, were the result of a DPT (diphtheria-pertussis-tetanus) vaccination. Petitioners alternatively alleged that should the special master find that their son had a preexisting seizure disorder, the DPT vaccination significantly aggravated it and caused his encephalopathy. Special Master Elizabeth E. Wright held an evidentiary hearing in Washington, D.C. on April 4, 1991. On July 31, 1991, the special master rendered a decision in favor of respondent. *O'Connor v. Secretary of HHS,* No. 90–600V, slip op., 1991 WL 156663 (Cl.Ct.Spec.Mstr. July 31, 1991).

The petitioners argue that the special master's decision was not in accordance with law because she applied the incorrect legal standard in determining entitlement to compensation based on the significant aggravation of a preexisting condition. Petitioners assert that the legal standard used in this case "is an aberration from not only common law but all known compensation laws."

After a careful review of the special master's decision and the entire record, as well as after hearing oral argument, this court upholds the special master's findings of fact and conclusions of law and sustains her decision. When examining issues of law in vaccine cases, "recognition is to be given to the special master's expertise in the development of these novel procedures. A decision on issues of law should be overturned only when error is unmistakenly clear." *Munn v. Secretary of HHS,* 21 Cl.Ct. 345, 348 (1990).

In determining whether Daniel O'Connor suffered from a significant aggravation of a preexisting condition, the special master applied the legal standard adopted by this court in *Misasi v. Secretary of HHS,* 23 Cl.Ct. 322 (1991).[1] As a result of her analysis under this standard, the special master implicitly concluded that there was a "preponderance of the evidence that the ... condition ... described in the petition is due to factors unrelated to the administration of the vaccine described in the petition." 42 U.S.C.A. § 300aa–13(a)(1)(B). The legal standard at issue permits the fact-finder to determine whether an alternate cause exists for the deterioration in the child's preexisting condition, as § 300aa–13(a)(1)(B) requires.[2] *See*

---

1. In *Misasi,* Judge Andewelt turned to *First Commercial Bank v. Secretary of HHS,* No. 90–537, slip op., 1991 WL 33243 (Cl.Ct.Spec.Mstr. Feb. 25, 1991), in articulating the following legal standard:

    To evaluate whether an individual suffered a significant aggravation of a particular condition, it is necessary to (1) assess the individual's condition prior to administration of the vaccine, *i.e.,* evaluate the nature and extent of the individual's pre-existing condition, (2) assess the individual's current condition after the administration of the vaccine, (3) predict the individual's condition had the vaccine not been administered, and (4) compare the individual's current condition with the predicted condition had the vaccine not been administered. A petitioner satisfies Section

13(a)(1)(A) if he or she establishes by a preponderance of the evidence that the individual's current condition constitutes a significant aggravation of the individual's predicted condition had the vaccine not been administered. [footnotes omitted].

*Misasi,* 23 Cl.Ct. at 324. *See Murphy v. Secretary of HHS,* 23 Cl.Ct. 726, 732 (1991).

2. As a matter of clarification, this court notes that the *Misasi* standard should not be construed as altering the petitioners' initial burden when demonstrating presumed causation under § 300aa–13(a)(1)(A). In making a *prima facie* showing of presumed causation, petitioners need not prove causation or disprove possible alternative causes for the deterioration in the child's preexisting condition following the vaccination. *See McClendon v. Secretary of HHS,* 24

*Hines v. Secretary of HHS*, 940 F.2d 1518, 1525 (Fed.Cir.1991). This court concludes that the legal standard in question was in accordance with law and that the special master properly applied it.

The special master considered the relevant factors and no clear error of judgment was made in denying petitioners' claim. The evidence supports the special master's decision, which was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 42 U.S.C.A. § 300aa–12(e)(2)(B). Therefore, this court upholds the findings of fact and conclusions of law of the special master and sustains the special master's decision. The clerk is directed to enter judgment in accordance with the decision of the special master. No costs.

Cl.Ct. 329, 334 (Cl.Ct.1991). The *Misasi* standard is implicated only after the respondent has met its burden under section 300aa–13(a)(1)(B) of showing an actual alternative cause, *i.e.,* the natural progression of the preexisting condition rather than the vaccination. *See McClendon*, 24 Cl.Ct. at 333–334. The burden then necessarily shifts to petitioners to rebut by demonstrating causation or by discrediting the respondent's evidence. *See Johnson v. Secretary of HHS*, No. 89–62V, 1990 WL 320233, 1990 U.S.Cl.Ct.LEXIS 259, at *6 (Cl.Ct.Spec.Mstr. June 22, 1990).